106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James STOKES, Petitioner-Appellant,
v.
Gerald A. BERGE, Respondent-Appellee.
 No. 95-2946.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 9, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 Serving a sentence of twenty years' incarceration in Wisconsin for sexual assault and attempted battery, James Stokes appeals pro se from the district court's order denying his petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. He renews his argument that his state court trial and appellate counsel were ineffective. We affirm.
 
 
 2
 Following a 1985 jury trial in Wisconsin state court, Stokes was convicted of two counts of second-degree sexual assault, § 940.225(2)(a), Wis.Stats., and one count of attempted aggravated battery, §§ 939.32 and 940.19(2), Wis.Stats. Stokes' conviction was affirmed by the Wisconsin Court of Appeals. Wisconsin v. Stokes, No. 86-0542-CR, 1987 WL 267310 (Wis.Ct.App. Jan. 26, 1987).
 
 
 3
 Stokes subsequently filed a postconviction motion in state court, § 974.06, Wis.Stats., and the motion was denied. The Wisconsin Court of Appeals summarily affirmed. Wisconsin v. Stokes, No. 89-1753-CR (Wis.Ct.App. Dec. 11, 1990). The court declined to consider Stokes' claims of ineffective assistance of trial counsel that were raised for the first time on appeal.
 
 
 4
 After Stokes' petition for federal habeas relief was dismissed in 1991 for containing claims not yet exhausted in state court, Stokes filed a second motion for state postconviction relief. This motion was initially scheduled for an evidentiary hearing on Stokes' claims of ineffectiveness of trial counsel, but subsequently was summarily denied after being reassigned to another judge.[1] The Wisconsin Court of Appeals affirmed, denying Stokes' ineffective assistance claims on both procedural and substantive grounds. Wisconsin v. Stokes, No. 92-1265 (Wis.Ct.App. Dec. 15, 1993). Procedurally, the court noted that Stokes' claims were barred because he failed to raise them when he could have in his prior motion. As for the merits, the court concluded that Stokes' ineffectiveness claims were legally insufficient because they failed to allege how counsel's performance was deficient or prejudicial.
 
 
 5
 In February 1994, Stokes filed the present petition for federal habeas relief.[2] In this petition, Stokes challenged the effectiveness of his trial counsel by asserting that his Sixth Amendment rights were violated "as a result of trial counsel failing to secure and protect Petitioner's constitutional rights during trial process and failure to preserve record for appeal." Stokes attempted to substantiate this generalized claim with fifteen "supporting facts," including counsel's failure to secure a trial jury that represented a "fair cross section of the community"; counsel's failure to secure Stokes' presence at the jury instructions conference and "all [other] court proceedings in his case"; counsel's failure to utilize a "competent expert witness"; and counsel's failure to prevent "perjured testimony from wife/victim to be introduced at trial." These "supporting facts," however, failed to elaborate about the specific circumstances surrounding each of the charges. In similarly cursory fashion, Stokes also alleged that appellate counsel failed to consult with him or secure his attendance at any posttrial proceedings.
 
 
 6
 The district court denied Stokes' petition. The district court determined that Stokes' petition "utterly fail[ed]" to show that trial counsel's performance was deficient or that Stokes had been prejudiced by counsel's performance. The district court further concluded that Stokes' petition failed to demonstrate deficient performance or prejudicial performance by appellate counsel. Stokes then filed this appeal.
 
 
 7
 While the appeal was pending, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1210 (1996), which contains provisions curtailing the scope and availability of federal habeas corpus relief. As recently explained in Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc), petition for cert. filed (U.S. Oct. 10, 1996) (No. 96-6298), the new law generally applies to pending § 2254 petitions filed prior to its enactment.[3] Among other changes, § 2254(d) of the statute now provides that habeas petitions shall not be granted with respect to any claim adjudicated on the merits in state court proceedings (as this was) unless (1) the state court decision is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Id. at 861.
 
 
 8
 With these standards in mind, we turn to the merits of Stokes' appeal. Ineffective assistance of counsel claims are analyzed under the well-settled framework set forth in Strickland v. Washington, 466 U.S. 668 (1984). To demonstrate ineffective assistance of counsel, Stokes must show not only that counsel's performance fell below an objective standard of reasonableness, but also that prejudice resulted. Id. at 688, 694.
 
 
 9
 The state courts in which Stokes first made his ineffective assistance claims, in postconviction proceedings attacking his conviction and sentence, determined that Stokes failed to show that counsel was ineffective. See Wisconsin v. Stokes, No. 92-1265 (Wis.Ct.App. Dec. 15, 1993). The scope of our review of that determination is extremely limited. Neal v. Gramley, 99 F.3d 841, 843 (7th Cir.1996). After thoroughly reviewing the record, we cannot say that the Wisconsin Court of Appeals' determination was contrary to, or constituted an unreasonable application of the clearly established federal law as determined by the Supreme Court. The statements in Stokes' petition fail to provide the degree of specificity required to state a valid ineffective assistance claim. Stokes has not alleged facts that would establish, if proven, that counsel's performance fell outside the range of acceptable performance and sound trial strategy. Nor has Stokes alleged how the challenged actions prejudiced him. Several of his claims, for example, relate to his absence from certain proceedings in court. Stokes, however, never explains why he did not appear at these proceedings, what effect his presence at the proceedings would have produced, and why his absence from the proceedings rendered the result of the trial "unreliable or the proceeding[s] fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).
 
 
 10
 Stokes' allegations against appellate counsel suffer from the same lack of specificity. None of these allegations demonstrate how counsel's performance was deficient or prejudicial. Stokes criticizes his lawyer, for instance, for failing to consult him. However, Stokes offers us no reason to believe that more appellate preparation would have enhanced his case. To the contrary, as the district court concluded, the work performed by appellate counsel "demonstrate[d] that a very high quality of representation was provided to Stokes on his direct appeal." (Decision and Order of 7/17/95, at 3.)
 
 
 11
 Under both the former and current versions of § 2254, Stokes' claims of ineffective assistance must fail. Accordingly, we AFFIRM the decision of the district court dismissing Stokes' § 2254 petition.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In denying this motion, the state trial court judge ruled that all of Stokes' ineffective assistance claims could and should have been raised in his earlier motions and appeals
 
 
 [2]
 Because Stokes' first federal petition was dismissed on grounds of nonexhaustion, and thus not on the merits, Stokes' second petition does not constitute an abuse of the writ
 
 
 [3]
 We note that the state has not argued the applicability of the new law in this case